JOHN J. BUTLER, Respondent, *v.* THE STEINWAY RAILWAY COMPANY of Long Island City, Appellant.

*When a verdict will be set aside.*

Appellate courts interfere cautiously with the verdicts of juries where there are no errors of law and only questions of fact are involved, but where a verdict indicates the presence of misapprehension or prejudice it will be set aside.

APPEAL by the defendant, The Steinway Railway Company of Long Island City, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 31st day of October, 1894, upon the verdict of a jury rendered after a trial at the Queens County Circuit, with notice of an intention to bring up for review upon the appeal an order made on the 19th day of October, 1894, denying the defendant's motion upon the minutes for a new trial.

*Eugene L. Busche*, for the appellant.

*McDonough & Collins*, for the respondent.

DYKMAN, J.:

The verdict in favor of the plaintiff in this action is palpably unjust and should never receive the sanction of this court. There are sufficient facts undisputed to convince the judicial mind of the injustice done to the defendant by this judgment.

The plaintiff entered one of the cars of the defendant with a dog, and when he was informed that the presence of the animal

upon the cars was a violation of a rule of the company, he refused to remove him.

By his persistence in transgressing the rule of the company he forfeited his right to continue in the car and conferred upon the conductor the right to remove him therefrom.

The trial judge charged the jury that the conductor had the right to remove the plaintiff from the car and to use as much force as was necessary for that purpose.

That reduced the case to the question whether excessive violence was exerted in the removal of the plaintiff from the car. Upon that question the plaintiff held the affirmative, and the preponderance of the evidence is against him.

The testimony shows that he was perceptibly under the influence of intoxicating liquor, and such intoxication would naturally obscure his intellect, and destroy his power to recollect the particulars of the transaction.

Independent of his interest, therefore, and his natural enmity, his testimony is very unsatisfactory.

The testimony, taken together, fails to prove the use of unnecessary force. He was not struck or kicked, and the conductor manifested no anger. The plaintiff was pushed from the car. He was injured, but his injury was the result of his own misconduct.

Appellate courts interfere cautiously with the verdicts of juries where there are no errors of law, and only questions of fact are involved. But there can be no hesitation in the prevention of injustice.

The verdict in this case indicates the presence of misapprehension or prejudice.

In our view twelve fair-minded men, free from prejudice and misconception, will not find upon the facts of this case that the conductor of the car used unnecessary violence in the removal of the plaintiff therefrom.

The judgment and order denying the motion for a new trial upon the minutes of the court should be reversed, and a new trial granted, with costs to abide the event.

BROWN, P. J., concurred; CULLEN, J., not sitting.

Judgment and order reversed and new trial granted, costs to abide event.